UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA,

                                                              96 CR 527 (SJ)

                  v.

                                                              MEMORANDUM &
                                                              ORDER

ROCKY FREEMAN,

                  Defendant.
--------------------------------------------------X
A P P E A R A N C E S

UNITED STATES ATTORNEY
Loretta E. Lynch
271 Cadman Plaza East
Brooklyn, NY 11201
By:     Margaret Lee

ROCKY FREEMAN, Register No. 47292, *Pro Se*
FCI- Allenwood
P.O. Box 2000
White Deer, PA 17887


JOHNSON, Senior District Judge:

        On July 7, 1998, following a jury trial, defendant Rocky Freeman ("Freeman"

or "Defendant") was found guilty of conspiracy to distribute and to possess with intent

to distribute cocaine and cocaine base ("Count One"), murder ("Count Seven"), and

use of a firearm in relation to a crime of violence ("Count Eight").  Specifically,

evidence adduced at trial indicated that Freeman worked for "La Compania," a

cocaine and crack cocaine distribution ring operating in the East New York section of

1

Brooklyn and led by co-defendant Roberto Mateo-Feliz ("Mateo-Feliz). Freeman was hired by Mateo-Feliz as a contract killer and was convicted of murdering Freddy Gonzalez ("Gonzalez"), a drug dealer who owed Mateo-Feliz money for a half kilogram of cocaine sold to Gonzalez on consignment. Freeman was sentenced to two concurrent life sentences for Counts One and Two and five years imprisonment on Count Eight.

Presently before the Court is Defendant's November 12, 2014 motion to resentence pursuant to 18 U.S.C. § 3582(c)(2) and in light of Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion is denied.

DISCUSSION

While the Court "may not generally modify a term of imprisonment once it has been imposed," Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007), Section 3582(c)(2) permits the Court to modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range . . . subsequently . . . lowered by the Sentencing Commission." However, the base offense level for Count One (the only drug charge) was 43, which carries a guideline term of life imprisonment based on Defendant's commission of a crime that would constitute murder under 18 U.S.C. § 1111. For Count Seven (murder), Defendant's base offense level was also 43 and consequently, also carried a guideline term of life.

The Court has jurisdiction to lower a sentence only when a defendant's sentencing range "has subsequently been lowered by the Sentencing Commission . . .

[and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has been clear that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement if [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); see, e.g., United States v. Lindsey, 556 F.3d 238, 242-245 (4th Cir. 2009) (holding that Amendment 709 did not lower the applicable guideline range, therefore re-sentencing was not authorized); United States v. Thomas, 545 F.3d 1300, 1302 (11th Cir. 2009) (per curium) (same); United States v. Tyler, 2008 WL 925126, at *2-3 (E.D.N.Y. Mar. 17, 2008) (Weinstein, J.) (same); United States v. Vega, 2008 WL 2323371, at *3 (E.D.N.Y. June 2, 2008) (Sifton, J.) (same). Accordingly, because Freeman's offense level was driven by his murder conviction, Amendment 782 does not lower his sentencing range, and the Court cannot reduce his sentence pursuant to 18 U.S.C. 3582(c)(2).

## CONCLUSION

For the foregoing reasons, the motion is DENIED.


SO ORDERED.

DATED: April 28, 2015                    _____/s_____
        Brooklyn, New York                   Sterling Johnson, Jr., U.S.D.J.

3