UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

        - against –                    **<u>MEMORANDUM & ORDER</u>**
                                             96-CR-527 (PKC)

ROCKY FREEMAN,

                       Defendant.

-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

     Pending before the Court is Defendant Rocky Freeman's *pro se* motion for early termination of his supervised release. (Dkt. 362.) For the reasons that follow, that application is denied.

## I.    **Legal Standard**

     Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to terminate the remainder of a defendant's term of supervised release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," 18 U.S.C. § 3583, "where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require[.]" *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). The defendant bears the burden of proving that he is eligible for early termination of supervised release under Section 3583(e)(1). *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.") (citations omitted).

Early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (quoting *Lussier*, 104 F.3d at 36); *see also United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (reiterating that early termination "is not warranted as a matter of course"). "It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination." *United States v. Solano*, 19-CR-0017, 2023 WL 4599937, at *1 (E.D.N.Y. July 18, 2023); *United States v. Simels*, 08-CR-0640, 2023 WL 4599839, at *1 (E.D.N.Y. July 18, 2023); *see* United *States v. Stein*, No. 09-CR-0377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not established by mere compliance with the terms of supervised release."); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination[,]" noting that termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law.") (citations omitted).

In deciding whether to grant early termination of supervised release, the Court must also consider the "factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

## II.      The Court Does Not Find Early Termination Warranted

Defendant argues that early termination of his supervised release is justified because he has "consistently adhered to all the terms and conditions of supervised release," "continuously maintained clean conduct," and "made good on his promise to this court . . . to develop the '3D's' Youth Organization with his son."  (Dkt. 362 at 2-3.)  While Defendant's conduct while on supervised release is certainly commendable, it does not constitute "exceptionally good behavior" to warrant early termination of his two-year supervised release term.  *See Solano*, 2023 WL 4599937, at *1 ("It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination.").

The Court also does not find that the relevant Section 3553(a) sentencing factors weigh in favor of early termination.  Specifically, the Court finds that the need for specific deterrence supports the continuation of supervised release.  The two-year term of supervision imposed by the Court was brief but necessary to ensure that Defendant successfully re-integrated into the community after 30 years of incarceration.  While Defendant has done well on supervision, the remaining period of his supervised release will provide both the support and motivation for Defendant to continue on this positive trajectory.  Rather than seeking to terminate supervision early, Defendant should focus on continuing in this positive direction for the remainder of his supervised release term.

## CONCLUSION

Accordingly, Defendant's request for early termination of supervised release is denied.

SO ORDERED.

_/s/ Pamela K. Chen_
Pamela K. Chen
United States District Judge

Dated: October 6, 2025
       Brooklyn, New York